Tony BHULLAR, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee,

and

United States International Trade Commission, Defendant–Appellee.

No. 03–1362.

United States Court of Appeals, Federal Circuit.

DECIDED: March 2, 2004.

Tony Bhullar, Of Counsel Attorney, for Plaintiff–Appellant.

Michael D. Panzera, Department of Justice, Mary Jane Alves, U.S. International Trade Commission, Principal Attorneys, Jeanne E. Davidson, David M. Cohen, Michele D. Lynch, Michael D. Stroud, Jr., Department of Commerce, Lyn M. Schlitt,

James M. Lyons, U.S. International Trade Commission, Of Counsel Attorneys, Washington, DC, for Defendant–Appellee.

Before LOURIE, CLEVENGER, and GAJARSA, Circuit Judges.

PER CURIAM.

Tony Bhullar appeals the decision of the United States Court of International Trade dismissing his complaint for lack of jurisdiction. *Bhullar v. United States,* 259 F.Supp.2d 1332 (Ct. Int'l Trade 2003). We *affirm.*

I

Mr. Bhullar is a stockholder of Doman Industries, Ltd., ("Doman Industries"), a Canadian corporation, that is engaged in the softwood lumber industry. Mr. Bhullar's complaint alleges material injury to him, as a stockholder, by reason of a decrease in the value of his Doman Industries stock resulting from antidumping and countervailing duty determinations concerning certain softwood from Canada issued by the United States Department of Commerce and the United States International Trade Commission.

On May 22, 2002, the final order in the antidumping/countervailing duty investigation was issued, and on the same day various Canadian lumber industry associations filed a request for binational panel review of the final order under the terms of the North American Free–Trade Agreement ("NAFTA"). On October 25, 2002, Mr. Bhullar filed his complaint in the Court of International Trade.

The government moved to dismiss the complaint for want of jurisdiction, on several grounds. First, under the relevant statutes, the Court of International Trade lacks jurisdiction to review the final order if a request for binational panel review has been made and is pending. Certain excep-

tions to this general rule of jurisdiction-divestment exist, but according to the government, none of the exceptions benefit Mr. Bhullar. In addition, the government argued that Mr. Bhullar's complaint, even if within one of the exceptions, was untimely. Also, the government argued that the Court of International Trade could not exercise jurisdiction over Mr. Bhullar's complaint under 28 U.S.C. § 1581(i), which sets forth subject matter in which the Court of International Trade has exclusive jurisdiction. Finally, the government asserted that Mr. Bhullar, as a shareholder of the allegedly adversely affected corporation, lacked standing to bring his complaint.

II

In a thorough opinion, the Court of International Trade addressed each of the respective parties' arguments on the jurisdictional points raised by the government's motion to dismiss. We need not repeat those arguments here, as they are well presented in the opinion of the trial court. Suffice it to say that the law ousts jurisdiction in the Court of International Trade to review a final antidumping/countervailing duty order when binational review proceedings have been instituted under NAFTA, and no exception to that general rule is present in the circumstances of this case. On this ground alone, the decision of the Court of International Trade is correct. Mr. Bhullar mounts no argument against the rationale articulated in the decision of the Court of International Trade. Instead, he devotes the major thrust of his briefs in this court to his contentions that he did have standing to sue (even though the court lacked jurisdiction to hear his complaint, the dispositive point on which he offers no challenge), and to a series of new allegations, including: that the antidumping proceedings failed to take ac-

count of historical patterns of government land ownership in Canada, that those proceedings failed to recognize that the United States had accepted and waived a "stumpage based system," that estoppel barred the final order, and that bias and political pressure had infected the proceedings. None of these allegations were made in the Court of International Trade.

### III

The government's motion to dismiss rests on interpretation of the statutes in suit–mainly the jurisdictional statutes that limit the jurisdiction of the Court of International Trade. We see no error in the explication and application of the law by the Court of International Trade in this case. Because the complaint cannot lie after invocation of the binational NAFTA review process, we need not recite the other grounds, namely timeliness and lack of standing, reviewed with care and accuracy by the Court of International Trade.

Because the decision of the Court of International Trade dismissing Mr. Bhullar's complaint is free of error, we affirm that decision.