**Slip Op. 07-158**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                       :
GLOBE METALLURGICAL INC.,              :
                                       :
              Plaintiff,               :
                                       :
              v.                       :   Court No. 07-00022
                                       :
UNITED STATES,                         :
                                       :
              Defendant.               :
_____:


        Held: Defendant's Motion to Dismiss is granted. Plaintiff's Motion for Stay is denied. Case dismissed.


        DLA Piper US LLP (William D. Kramer, Martin Schaefermeier, and James A. Earl), for Globe Metallurgical Inc., plaintiff.

        Peter D. Keisler, Assistant Attorney General; Jeanne E. Davidson, Director; Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Michael D. Panzera and Loren Misha Preheim); Of Counsel: Quentin M. Baird, U.S. Department of Commerce, for the United States, defendant.

                                       Dated: October 31, 2007


                              **OPINION**

        **TSOUCALAS, Senior Judge:** Globe Metallurgical Inc. ("Globe"), plaintiff, brings this action pursuant to § 516A(a)(2)(A)(i)(I) and B(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and B(iii), and 28 U.S.C. § 1581(c). See Complaint ("Compl.") ¶ 1. In the alternative, Globe brings this action under 28 U.S.C. § 1581(i)(2) and (4). See Compl. ¶ 2.

Globe challenges the U.S. Department of Commerce's ("Commerce") December 21, 2006 revocation of the antidumping duty order on silicon metal from Brazil (the "Revocation Determination").[1]  The United States, defendant, moves for dismissal of the Complaint for failure to state a claim upon which relief can be granted pursuant to USCIT R. 12(b)(5).  Globe opposes the United States' Motion to Dismiss and files a cross-motion to stay the proceedings.

For the reasons explained below, the Court finds in favor of the defendant, and dismisses the plaintiff's Complaint for failure to state a claim upon which relief can be granted.  Plaintiff's Motion for Stay is denied.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and B(iii).

## STANDARD OF REVIEW

A court should not dismiss a complaint for failure to state a claim upon which relief may be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Halperin Shipping Co., Inc. v. United States, 13 CIT 465, 466 (1989).  Moreover, the Court must

---

[1]     See Silicon Metal from Brazil: Revocation of Antidumping Duty Order, 71 Fed. Reg. 76,635 (December 21, 2006).

accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. See United States v. Islip, 22 CIT 852, 854, 18 F. Supp. 2d 1047, 1051 (1998) (citing Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)). A pleading that sets forth a claim for relief must contain "a short and plain statement" of the grounds upon which jurisdiction depends and "of the claim showing that the pleader is entitled to relief." USCIT R. 8(a). "To determine the sufficiency of a claim, consideration is limited to the facts stated on the face of the complaint, documents appended to the complaint, and documents incorporated in the complaint by reference." Fabrene, Inc. v. United States, 17 CIT 911, 913 (1993). Accordingly, the Court must decide whether plaintiff is entitled to offer evidence in support of its claim, and not whether plaintiff will prevail in its claim. See Halperin, 13 CIT at 466.

**DISCUSSION**

**I.    Background**

On January 3, 2006, Commerce and the U.S. International Trade Commission ("ITC") published a notice of initiation and a notice of institution, respectively, of a five-year (sunset) review of the antidumping duty order on silicon metal from Brazil.[2] On February

---

[2]    See Initiation of Five-Year ("Sunset") Reviews, 71 Fed. Reg. 91 (January 3, 2006); Silicon Metal from Brazil and China:

2, 2006, Globe filed a response to Commerce's notice of initiation, and on February 23, 2006, Globe filed a response to ITC's notice of institution.  On May 4, 2006, Commerce published its determination that a revocation of the antidumping duty order would likely lead to a continuation or recurrence of dumping.[3]

On December 11, 2006, the ITC published its determination that a revocation of the antidumping duty order would not likely lead to a continuation or recurrence of material injury within a reasonably foreseeable time.[4]  Plaintiff filed an appeal with this Court (Globe Metallurgical Inc. v. United States, Court No. 07-00011) challenging the ITC determination (the "ITC Determination Challenge").  On December 21, 2006, as a result of the ITC's negative sunset review determination, Commerce published the Revocation Determination that the plaintiff is challenging in this action.

Globe, a U.S. manufacturer of silicon metal, requests that this Court "determine that the required legal basis for revoking the antidumping duty order on silicon metal from Brazil does not

---

Institution of Five-Year Reviews Concerning the Antidumping Duty Orders on Silicon Metal from Brazil and China, 71 Fed. Reg. 138 (January 3, 2006).

[3]    See Silicon Metal from the People's Republic of China and Brazil: Final Results of the Expedited Reviews of the Antidumping Duty Orders, 71 Fed. Reg. 26,334 (May 4, 2006).

[4]    See Silicon Metal from Brazil and China: Determinations, 71 Fed. Reg. 71,554 (December 11, 2006).

exist; [and] order that the antidumping duty order on silicon metal from Brazil be reinstated or, in the alternative, that this case be remanded to [Commerce] for further proceedings consistent with the judgment of this Court." Compl. ¶¶ 4, 24.

## II.  Contentions of the Parties

### A.    Globe's Contentions

Plaintiff is challenging Commerce's revocation of the antidumping duty order on silicon metal from Brazil. Globe's Complaint states that it is "seeking review and the correction of errors [through its ITC Determination Challenge] that, if corrected, Plaintiff believes will result in a finding of likely continuation or recurrence of material injury to an industry in the United States." Compl. ¶ 22. For the purposes of the United States' Motion to Dismiss, Globe asks this Court to presume that it will eventually succeed in its ITC Determination Challenge. Such success, Globe argues, would render Commerce's revocation of the antidumping duty order improper. Plaintiff's Motion for Stay and Opposition to Defendant's Motion to Dismiss ("Motion for Stay") at 4.

### B.    United States' Contentions

The United States argues in moving to dismiss this case that "Globe cannot demonstrate, by any set of facts, that Commerce's

revocation of the antidumping duty order . . . which is the only action Globe has challenged in this case, is contrary to law." Motion to Dismiss at 6.  The United States further argues that "Commerce had a clear, nondiscretionary, and indisputable duty to revoke the order . . . [and that its] revocation pursuant to section 1675(d)(2) is a ministerial act that Commerce performed in accordance with a statutory mandate."  Defendant's Combined Reply to Plaintiff's Response to the Motion to Dismiss and Response to Plaintiff's Motion to Stay Proceedings ("Defendant's Combined Reply") at 2.

## III. Analysis

### A.   Failure to State a Claim

The United States contends "Globe cannot establish that Commerce's revocation of the order was improper because the statute expressly mandated that Commerce revoke the order."  Defendant's Combined Reply at 3.  The Court agrees.

Section 1675(d)(2) states in relevant part:

In the case of a review conducted under subsection (c) of this section, the administering authority shall revoke .
. .an antidumping duty order or finding . . .unless (A) the administering authority makes a determination that dumping. . . would be likely to continue or recur, and (B) the Commission makes a determination that material injury would be likely to continue or recur as described in    section    1675a(a)    of    this    title.

19   U.S.C.   §   1675(d)(2)   (emphasis   added).[5]

Globe argues that this Court should deny the United States'
Motion to Dismiss  because "for the purpose of such a motion, all
undisputed facts alleged in the complaint are presumed to be true
[and] [i]n its complaint, Globe has alleged that it has sought
review of errors in the [ITC determination], that if corrected,
Globe believes will result in a finding of likely continuation or
recurrence of material injury to the domestic industry [and thus]
revocation would be improper."  Motion for Stay at 3-4.

The  United  States  argues  that  the  "revocation  of  the
antidumping duty order regarding silicon metal from Brazil pursuant
to U.S.C. § 1675(d)(2) comported with its statutory mandate to
revoke an  antidumping duty order where the [ITC] has issued a
negative determination [and that] [g]ranting the relief sought by
Globe in this action would be contrary to the statutory provisions
governing  revocation."  Motion to Dismiss at 4.  The United States
points out that "[r]egardless of whether Globe has challenged the
ITC  determination,  the  statute  does  not  permit  Commerce  to
determine  whether  the  ITC's  determination  contains  errors,  or

---

[5]      As stated supra, Commerce in its own review determined
that a revocation of the antidumping duty order would likely lead
to a continuation or recurrence of dumping. See Silicon Metal
from the People's Republic of China and Brazil: Final Results of
the Expedited Reviews of the Antidumping Duty Orders, 71 Fed.
Reg. 26,334 (May 4, 2006).

whether the ITC's determination should be corrected." Id. at 5.

As the United States correctly notes, the language of the statute is clear and unambiguous and "the true nature of [Globe's] claim relates to events that may, or may not, eventually transpire." Id. at 6. Assuming arguendo that Globe is correct about the ITC's determination (i.e., that it is flawed and that Globe will eventually succeed in its ITC Determination Challenge), this would have no bearing on this case, which strictly concerns the narrow issue of whether Commerce's revocation of the order was appropriate. To put it differently, the crux of Globe's Complaint, that if the ITC decided incorrectly then Commerce acted incorrectly, is based on a false premise. Globe will get its day in court to resolve the dispute with the ITC, but it cannot litigate that dispute in this action, and the eventual resolution of its ITC Determination Challenge is not relevant here. Accordingly, accepting all well-pleaded facts as true and viewing them in the light most favorable to Globe, Globe has failed to state a claim upon which relief may be granted.

### B.    Reinstatement of the antidumping duty order

Globe's real concern is its ITC Determination Challenge and the relief it can expect should it succeed. Globe acknowledges in its pleadings that its true motivation in bringing this action "challenging [Commerce's] Revocation Determination [is] because

Globe is concerned that parties may argue, and the Court may find, that in order to preserve its right to obtain reinstatement of the antidumping duty order and for the Court to order reinstatement if necessary, Globe was required to challenge the Revocation Determination." Motion for Stay at 3. In requesting a stay, Globe does not ask this Court to find that Commerce's revocation is improper "unless and until, as a result of Globe's appeal of the [ITC determination], there is a finding of likely continuation or recurrence of material injury to the domestic industry." Id. at 9. Globe filed the instant action "to ensure that the Court can require reinstatement of the antidumping order after such a finding." Id.

Globe cites to two cases to justify its concern that Commerce may refuse or delay reinstatement of the antidumping order even after a potential successful resolution of its ITC Determination Challenge. First, Globe has cited to this Court's language in American Chain Ass'n v. United States ("American Chain II"), 14 CIT 666, 746 F. Supp. 116 (1990), which leads it to believe that had Globe not "appealed [Commerce's] Revocation Determination, the revocation [of the antidumping duty order] would have become final."[6] Motion for Stay at 9.

_____

[6] "A revocation determination becomes final when a litigant misses the statutory deadline for challenging that determination, as did plaintiff here." American Chain II, 14 CIT at 669, 746 F. Supp. at 118 (citing American Chain Ass'n v.

The circumstances of American Chain II and an earlier related case between the same parties (American Chain Ass'n v. United States ("American Chain I"), 13 CIT 1090, 746 F. Supp. 112 (1989)), involve an administrative review conducted by Commerce under § 1675(d)(1) of the entry of certain roller chain, the end result of which was a partial revocation of a previous antidumping finding. In American Chain I, the plaintiff was denied the opportunity to contest a final revocation determination by Commerce because such action must be commenced by filing a summons within thirty days of the date of publication of the contested determination in the Federal Register and plaintiff failed to do so.  13 CIT at 1094, 746 F. Supp. at 115.  In American Chain II, the plaintiff, having failed in American Chain I, contested the final results of Commerce's administrative review which served as the basis for Commerce's revocation determination.  This Court correctly viewed American Chain II as the plaintiff's "way of revisiting Commerce's final revocation of the dumping order" and  appropriately dismissed the case.  14 CIT at 669, 746 F. Supp. at 119.

As the United States has correctly pointed out, these two cases are not analogous to the action at bar.  American Chain I and American Chain II involve a situation where Commerce used its discretionary power under § 1675(d)(1) and where a plaintiff failed to file a timely challenge to a revocation order.  Here,

United States, 13 CIT 1090, 746 F. Supp. 112 (1989)).

plaintiff has timely challenged the ITC decision in <u>Globe Metallurgical Inc. v. United States</u>, Court No. 07-00011, and yet also challenges Commerce's ministerial application of § 1675(d)(2).

Additionally, Globe has also cited to "a case involving a similar situation" where the government argued that "plaintiffs <u>were required to appeal a Department revocation determination</u> in order to preserve their right to judicial review of that determination and any failure to reinstate the order if the order was found to have been improperly revoked."[7] Motion for Stay at 9-10. First, it is not clear to this Court that the case cited involved a similar situation as the plaintiff contends; second, and more importantly, this Court will not entertain in this action the merits of an argument made in a different case and under different circumstances.

**C. Plaintiff's Motion for Stay**

Plaintiff's Motion for Stay is denied. As discussed <u>supra</u>, Globe errs in stating that "whether [Commerce] properly revoked the [antidumping duty] order depends entirely on whether the [ITC] erred in finding no likelihood of continuation or recurrence of material injury, which will be resolved in Court No. 07-00011."

---

[7]  <u>Elkem Metals Co. v. United States</u>, Ct. No. 03-00020, slip op. 07-63 (December 1, 2003). Defendant's Response to Plaintiffs' Rule 56.2 Motion for Judgment Upon the Agency Record, at 9, 12 and 13.

Motion for Stay at 5.  The correctness of Commerce's revocation of the antidumping duty order here depends solely on whether Commerce correctly performed its obligation under section 1675(d)(2); whether the ITC erred in finding no likelihood of continuation or recurrence of material injury is irrelevant for the purposes of this action.

A proper conclusion in this action is in no way dependent on the plaintiff's ITC Determination Challenge.  The statutory language being concise and clear, Commerce appropriately revoked the antidumping duty order as was required.  There is therefore no need for a stay in the proceedings.


**D. Results of the ITC Determination Challenge**

Globe requests that "[i]f this Court finds that it was <u>not necessary</u> for Globe to file this appeal to preserve its ability to obtain reinstatement [of the antidumping duty order], because the Court can order reinstatement in Globe's appeal of the [ITC Determination Challenge] or for some other reason identified by the Court, then Globe requests that the Court issue a declaratory judgment to that effect."  Motion for Stay at 12.

The United States contends that given a "final and conclusive Court decision in the ITC action that would result in a notification of change in the ITC's determination . . . Commerce is bound to reinstate the order if the legal basis for revocation

pursuant to 1675(d)(2) is withdrawn." Defendant's Combined Reply at 4. The United States adds that Globe's request for a declaratory judgment is "unnecessary because a sufficient explanation of the applicable law could be set forth in the Court's decision to grant the motion to dismiss." Id. at 7. The United States is correct on both counts.

Where, as here, a plaintiff timely challenges a negative determination in an antidumping duty order review by the ITC or Commerce, which determination resulted in the ministerial revocation of the order by Commerce under section 1675(d)(2), it is not necessary for the plaintiff to bring a parallel action challenging the revocation itself in order to preserve the right to reinstatement of the order. By operation of law, should Globe succeed in its ITC Determination Challenge, the negative ITC determination which was the sole basis for the revocation of the antidumping duty order will no longer apply, and Commerce, accordingly, must reinstate the antidumping duty order.

**CONCLUSION**

The Court holds that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief.  For the foregoing reasons, the defendant's Motion to Dismiss is granted and the plaintiff's Motion for Stay is denied.  Judgment will be entered accordingly.


                                                  /s/ Nicholas Tsoucalas
                                                    NICHOLAS TSOUCALAS
                                                      SENIOR JUDGE


Dated:     October 31, 2007
           New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                        :
GLOBE METALLURGICAL INC.,               :
                                        :
    Plaintiff,                          :
                                        :   Court No. 07-00022
    v.                                  :
                                        :
UNITED STATES,                          :
                                        :
    Defendant.                          :
_____:

### JUDGMENT

Upon consideration of Defendant's (the United States) Motion to Dismiss and Plaintiff's (Globe Metallurgical Inc.) Motion for Stay and the responses thereto, it is hereby

**ORDERED** that Defendant's Motion to Dismiss is granted; and it is further

**ORDERED** that Plaintiff's Motion for Stay is denied; and it is further

**ORDERED** that this action is dismissed.


                                           /s/ Nicholas Tsoucalas
                                            NICHOLAS TSOUCALAS
                                             SENIOR JUDGE


Dated:     October 31, 2007
            New York, New York