Slip Op. 08-111

UNITED STATES COURT OF INTERNATIONAL TRADE

```
_____
                                :
PARKDALE INTERNATIONAL LTD.,    :
                                :
            Plaintiff,          :
                                : Before: Richard K. Eaton, Judge
     v.                         :
                                : Court No. 07-00166
UNITED STATES,                  :
                                :
            Defendant,          :
                                :
     and                        :
                                :
UNITED STATES STEEL CORP.,      :
                                :
            Def.-Int.           :
_____ :
```

OPINION

[Defendant's and defendant-intervenor's motions to dismiss granted.]

Dated: October 20, 2008

*Hunton & Williams LLP* (*William Silverman* and *Richard P. Ferrin*), for plaintiff.

*Gregory G. Katsas*, Assistant Attorney General; *Jeanne E. Davidson*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Michael D. Panzera* and *Stephen C. Tosini*); Office of the Chief Counsel for Import Administration, United States Department of Commerce (*Mark B. Lehnardt*), for defendant.

*Skadden, Arps, Slate, Meagher & Flom LLP* (*Robert E. Lighthizer, John J. Mangan, Jeffrey D. Gerrish* and *M. Allison Guagliardo*), for defendant-intervenor.

Eaton, Judge: Before the court are the motions to dismiss for lack of subject matter jurisdiction of the United States ("defendant") and of United States Steel Corporation ("defendant-

intervenor").  *See* Def.'s Mot. Dismiss ("Def.'s Mot."); Def.-Int.'s Mot. Dismiss ("Def.-Int.'s Mot.").  Plaintiff Parkdale International Ltd. ("Parkdale" or "plaintiff") has filed responses to each of the motions. *See* Pl.'s Resp. Def.'s Mot.*;* Pl.'s Resp. Def.-Int.'s Mot.  By their motions, defendant and defendant-intervenor insist that the court does not have jurisdiction to hear plaintiff's claims under 28 U.S.C. § 1581(i).

For the reasons set forth below, the motions to dismiss are granted, and plaintiff's complaint is dismissed.[1]

BACKGROUND

Parkdale is an importer of corrosion-resistant carbon steel flat products ("CORE") from Canada.  Compl. ¶ 3.  In the early 1990s the United States Department of Commerce ("Commerce" or the "Department") issued an antidumping duty order on CORE from Canada (the "Order").  *See* Certain CORE and Certain Cut-to-Length Carbon Steel Plate From Canada, 58 Fed. Reg. 44,162 (Dep't of

---

[1]      The court is familiar with the facts of this case, having previously enjoined liquidation of the subject merchandise.  *See Parkdale Int'l Ltd. v. United States*, 31 CIT __, Slip Op. 07-159 (Oct. 31, 2007) (not reported in the Federal Supplement). Although the Court in *Parkdale International Ltd. v. United States*, 31 CIT at __, Slip Op. 07-159, found jurisdiction based on the reasoning of *Canadian Wheat Board v. United States*, 31 CIT __, 491 F. Supp. 2d 1234 (2007), after full briefing and oral argument on the pending motions, the court has reconsidered and now finds that it does not have jurisdiction pursuant to 28 U.S.C. § 1581(i)(4) to hear Parkdale's claims.

Commerce Aug. 19, 1993) (antidumping duty order).  The Order was later amended in 1995.  *See* Certain CORE and Certain Cut-to-Length Carbon Steel Plate From Canada, 60 Fed. Reg. 49,582 (Dep't of Commerce Sept. 26, 1995) (amended final determination).  On September 1, 1999, Commerce and the United States International Trade Commission ("ITC" or the "Commission") commenced a "sunset review"[2] of the Order and determined, respectively, that its revocation would likely lead to the continuation or recurrence of dumping and material injury to the domestic CORE industry.  Thereafter, Commerce published notice of the continuation of the Order in the Federal Register, which by its terms was effective

---

[2]     Administrative reviews, including five-year or "sunset" reviews, are covered in § 1675 of Title 19 of the United States Code.  Subsection 1675(c) provides the general rule for sunset reviews:

> Notwithstanding subsection (b) of this
> section and except in the case of a
> transition order defined in paragraph (6), 5
> years after the date of publication of—
>
>     (A) . . . an antidumping duty order
>     . . . or
>
>     (C) a determination under this
>     section to continue an order . . .,
>
> [Commerce] and the Commission shall conduct a
> review to determine, in accordance with . . .
> [19 U.S.C. § 1675a], whether revocation of
> the . . . antidumping duty order . . . would
> be likely to lead to continuation or
> recurrence of dumping . . . and of material
> injury.

19 U.S.C. § 1675(c)(1) (2000).

as of December 15, 2000.  *See* Continuation of Antidumping and
Countervailing Duty Orders on Certain Carbon Steel Prods. from
Australia, Belgium, Brazil, Canada, Finland, France, Germany,
Japan, South Korea, Mexico, Poland, Romania, Spain, Sweden,
Taiwan, and the United Kingdom, 65 Fed. Reg. 78,469, 78,470
(Dep't of Commerce Dec. 15, 2000) (notice).

Five years later, on November 1, 2005, Commerce and the ITC
commenced the second sunset review of the Order.  *See* Initiation
of Five-year ("Sunset") Revs., 70 Fed. Reg. 65,884 (Dep't of
Commerce Nov. 1, 2005) (notice).  In that review, while Commerce
determined that revocation of the Order would likely result in
the continuation or recurrence of dumping, the ITC determined
that revocation of the Order would not be likely to lead to the
continuation or recurrence of material injury to the domestic
CORE industry within a reasonably foreseeable time.  *See* Certain
Carbon Steel Prods. From Australia, Belgium, Brazil, Canada,
Finland, France, Germany, Japan, Korea, Mexico, Poland, Romania,
Spain, Sweden, Taiwan, and the United Kingdom, 72 Fed. Reg. 4,529
(ITC Jan. 31, 2007) (final determination).[3]  As a result, the

---

[3]     The full text of the ITC's final determination is
contained in Volumes I and II of Certain Carbon Steel Products
from Australia, Belgium, Brazil, Canada, Finland, France,
Germany, Japan, Korea, Mexico, Poland, Romania, Spain, Sweden,
Taiwan, and the United Kingdom, USITC Pub. 3899, Inv. Nos.
AA1921-197 (Second Rev.); 701-TA-319, 320, 325-327, 348, and 350
(Second Rev.); and 731-TA-573, 574, 576, 578, 582-587, 612, and
614-618 (Second Rev.) (Jan. 2007).

Order was revoked.  *See* 19 U.S.C. § 1675(d)(2); 19 C.F.R.

§ 351.218(a) (2006) (providing for revocation of an order based

on a sunset review if either Commerce's or the ITC's

determination is negative); Certain CORE from Australia, Canada,

Japan, and France, 72 Fed. Reg. 7,010 (Dep't of Commerce Feb. 14,

2007) (notice of revocation) ("Revocation Notice").  In its

Revocation Notice, Commerce stated that "[p]ursuant to [19 U.S.C.

§ 1675(d)(2)] and 19 C.F.R. § 351.222(i)(2)(i), the effective

date of revocation is December 15, 2005 (i.e., the fifth

anniversary of the date of publication in the Federal Register of

the notice of continuation of the [Order])."  Revocation Notice,

72 Fed. Reg. at 7,011.

Parkdale then brought this action, pursuant to the

Administrative Procedure Act, 5 U.S.C. § 702 (2000).[4]  Parkdale

seeks judicial review of the effective date of the Revocation

Notice and invokes the Court's residual jurisdiction provision,

28 U.S.C. § 1581(i)(4).[5]  Compl. ¶¶ 1, 2.  Parkdale claims that

---

[4]    The Administrative Procedure Act provides that a person who has suffered a legal wrong or has been "adversely affected or aggrieved by agency action within the meaning of a relevant statute," 5 U.S.C. § 702, may seek judicial review of "final agency action for which there is no other adequate remedy in a court . . . ."  5 U.S.C. § 704.

[5]    Subsection 1581(i)(4) grants this Court exclusive jurisdiction to entertain "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for . . . (4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and

the revocation of the Order should have been effective as of

September 26, 2000, i.e., the fifth anniversary of the September

26, 1995 amendment to the Order, not December 15, 2005, as

Commerce found.  Compl. ¶ 3.


                  JURISDICTION AND STANDARD OF REVIEW

     A jurisdictional challenge to the court's consideration of

this action raises a threshold inquiry.  *See Hartford Fire Ins.*

*Co. v. United States*, 31 CIT __, __, 507 F. Supp. 2d 1331, 1334

(2007) ("*Hartford Fire Ins. Co.*") (citations omitted).  Thus,

before reaching the merits of plaintiff's complaint, this court

must assess the motion to dismiss for lack of subject matter

jurisdiction.  In deciding a motion to dismiss that does not

challenge the factual basis of plaintiff's allegations, a Court

"assumes all factual allegations contained in the complaint to be

true and draws all reasonable inferences in plaintiff's favor."

*Id.* at __, 507 F. Supp. 2d at 1335 (citation and alteration

omitted).  "Nonetheless, . . . 'the mere recitation of a basis

for jurisdiction . . . cannot be controlling[;]' rather, analysis

of jurisdiction requires determination of the 'true nature of the

action.'"  *Id.*, 31 CIT at __, 507 F. Supp. 2d at 1335 (quoting

*Norsk Hydro Canada, Inc. v. United States*, 472 F. 3d 1347, 1355

---

subsections (a)-(h) of this section."  28 U.S.C. § 1581(i)(4)
(2000).

(Fed. Cir. 2006) (citation and quotation omitted)).


DISCUSSION

Parkdale has brought its challenge to the effective date of the revocation of the Order by claiming jurisdiction under 28 U.S.C. § 1581(i)(4).  It is well-settled that § 1581(i) jurisdiction is only available to plaintiffs where jurisdiction under another subsection of § 1581 is not or could not have been available.  *Miller & Co. v. United States*, 824 F. 2d 961, 963 (Fed. Cir. 1987) ("*Miller & Co.*").  Section 1581(i) jurisdiction "may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate."  *Id.* at 963.

Defendants and defendant-intervenors (collectively, the "movants") argue that the effective date of revocation in a sunset review proceeding pursuant to 19 U.S.C. § 1675(d)(2) is a final determination reviewable under 28 U.S.C. § 1581(c).[6]  The thrust of the movants' argument is that Parkdale "could have participated in the Department's second sunset review and raised any arguments regarding the effective date of revocation of the order in the course of that review."  Def.-Int.'s Mot. 6.  They

---

[6]     Section 1581(c) grants to this Court "exclusive jurisdiction of any civil action commenced under" § 1516a.  28 U.S.C. § 1581(c).

contend that, had Parkdale participated in the second sunset review before Commerce — which it did not — it would have been able to seek review of Commerce's determinations under § 1581(c), in which case it cannot now seek review under § 1581(i).

In addition, the movants argue that plaintiff's claims must be dismissed because of a separate failure to meet statutory requirements for judicial review. Namely, that plaintiff did not give notice of its intent to seek judicial review under a special rule covering North American Free Trade Agreement ("NAFTA") member countries. Specifically, defendant contends that under 19 U.S.C. § 1516a(g)(3)(B),

> a party may challenge a final determination
> pursuant to 19 U.S.C. § 1675, only if it has
> provided proper notice to the specified
> parties in a timely manner. Because Parkdale
> did not provide notice in accordance with
> section 1516a(g)(3), Parkdale cannot
> establish jurisdiction for this Court to
> review the Revocation Notice here.

Def.'s Mot. 13 (citation omitted); *see also* Def.-Int.'s Mot. 10.


I.   The Revocation Notice Is a Final Determination

Title 19 U.S.C. § 1675(d)(2) governs the revocation of an order in a sunset review:

> the administering authority [Commerce] shall
> revoke a countervailing duty order or an
> antidumping duty order or finding, or
> terminate a suspended investigation, unless-
>
> (A) the administering authority makes a
> determination that dumping or a

> countervailable subsidy, as the case may be, would be likely to continue or recur, and
>
> (B) the Commission makes a determination that material injury would be likely to continue or recur as described in section 1675a(a) of this title.

19 U.S.C. § 1675(d)(2).

Judicial review of unfair trade determinations is governed by 19 U.S.C. § 1516a(a)(2)(B)(iii), which states that within 30 days of the publication of a "final determination . . . by the administering authority or the Commission under section 1675 of this title," an interested party who is a party to the proceeding in connection with which the matter arises may commence an action in this Court by filing a summons. 19 U.S.C. § 1516a(a)(2)(B)(iii). In addition, the time for filing a complaint is tolled for thirty days where, as here, the product at issue is from a NAFTA country. 19 U.S.C. § 1516a(a)(5)(A).

Defendant argues that, because Commerce issued its Revocation Notice pursuant to 19 U.S.C. § 1675(d),[7] Parkdale's challenge to the Revocation Notice was required to be brought within sixty days of its publication, i.e., by April 16, 2007. Def.'s Mot. 7; *see* 19 U.S.C. §§ 1516a(a)(2)(B)(iii) and (a)(5)(A). Parkdale filed its summons and complaint on May 15,

---

[7]     *See* Revocation Notice, 72 Fed. Reg. 7,010 ("Pursuant to [19 U.S.C. § 1675(d)(2)] and 19 C.F.R. § 351.222(i)(2)(i), the effective date of revocation is December 15, 2005 (i.e., the fifth anniversary of the date of publication in the Federal Register of the notice of continuation of the [Order]).").

2007.  As such, defendant argues, plaintiff's suit is untimely.
Def.'s Mot. 7.

Plaintiff responds by citing to *Parkdale International Ltd.
v. United States*, 31 CIT __, Slip Op. 07-159 (Oct. 31, 2007) (not
reported in the Federal Supplement) ("*Parkdale I*"), which granted
a preliminary injunction[8] in this case.  *Parkdale I* relied, for
purposes of jurisdiction, on the reasoning of *Canadian Wheat
Board v. United States*, 31 CIT __, 491 F. Supp. 2d 1234 (2007)
("*Canadian Wheat Board I*").  Pl.'s Resp. Def.'s Mot. 1; *see also
Canadian Wheat Board v. United States*, 32 CIT __, Slip Op. 08-112
(Oct. 20, 2008) ("*Canadian Wheat Board II*").  *Canadian Wheat
Board I* upheld jurisdiction, pursuant to § 1581(i), for a
challenge to Commerce's administration and enforcement of a
negative injury determination made by the ITC following a remand
from a NAFTA binational panel.

According to plaintiff, Commerce's action in calculating the
revocation date pursuant to 19 U.S.C. § 1675(d)(3)[9] was taken in

---

[8]     The Court of Appeals for the Federal Circuit has held
that "[t]he question of jurisdiction closely affects the
[movant]'s likelihood of success on its motion for a preliminary
injunction." *U.S. Ass'n of Imps. of Textiles & Apparel v. United
States Dep't of Commerce*, 413 F.3d 1344, 1348 (Fed. Cir. 2005).

[9]     19 U.S.C. § 1675(d)(3) states:

        A determination under this section to revoke
        an order or finding or terminate a suspended
        investigation shall apply with respect to
        unliquidated entries of the subject

(continued...)

furtherance of the administration and enforcement of the final

ITC negative determination and thus was not a final determination

within the meaning of § 1516a and therefore was not appealable

under § 1581(c).  For plaintiff, Commerce's action was

> the ministerial application of the command of
> the statute to revoke the antidumping duty
> order pursuant to the relevant sunset review
> (in this case, the ITC's sunset review).  The
> "date determined by the administering
> authority" in this provision simply requires
> Commerce to apply mechanically the revocation
> date formula it has already devised in its
> regulation, 19 C.F.R. § 351.222(i), and does
> not require Commerce to solicit comments or
> gather data, as it would any proceeding
> culminating in a statement that is properly
> characterized as a "determination."

Pl.'s Resp. Def.-Int.'s Mot. 4.  In other words, according to

plaintiff, on February 14, 2007, when Commerce published its

Revocation Notice, it did not "'exercise discretion' or make a

'determination,' but simply applied the mechanical rule devised

in 19 C.F.R. § 351.222(i), albeit incorrectly."  Pl.'s Resp.

Def.-Int.'s Mot. 4-5.[10]  As such, plaintiff argues:

---

[9](...continued)
> merchandise which are entered, or withdrawn
> from warehouse, for consumption on or after
> the date determined by the administering
> authority.

[10]     Plaintiff cites to *Globe Metallurgical, Inc. v. United States*, 31 CIT __, 530 F. Supp. 2d 1343 (2007) (not published in the Federal Supplement) ("*Globe*"), for the proposition that Commerce's choice of the effective date of revocation is ministerial.  Pl.'s Resp. Def.'s Mot. 1.  While *Globe* refers to the act of revocation under § 1675(d)(2) as ministerial, it does

(continued...)

> Parkdale had no opportunity to appeal to
> correct Commerce's erroneous ministerial
> application of the regulation through the
> Section 1581(c) route, because the date of
> revocation was not properly a subject of
> Commerce's sunset review, but instead a
> subject of Commerce's revocation notice, a
> separate act by Commerce for which Parkdale
> had no opportunity to exhaust an administrative remedy.

Pl.'s Resp. Def.-Int.'s Mot. 5. Accordingly, it argues, 1581(c) judicial review was not available and its only recourse was pursuing appeal under 1581(i).

Defendant contends that because 19 U.S.C. § 1675(d)(3) specifically states that revocation is effective "on or after the date *determined by*" Commerce, the date of the revocation order was necessarily a determination made in the course of the sunset review. Def.'s Reply 3 (emphasis added). In addition, defendant argues, the "determination of the effective date of revocation in a sunset review is a discretionary determination made by Commerce, not a ministerial act." Def.'s Reply 3. Specifically, defendant claims, the act of revocation under 19 U.S.C. § 1675(d)(2) "by itself, may be ministerial, [but] determination of the effective date of revocation under section 1675(d)(3) is not." Def.'s Reply 3. (comparing 19 U.S.C. § 1675(d)(2), mandating that Commerce "shall revoke", with 19 U.S.C.

---

[10](...continued)
not address the issue of whether the effective date of revocation is a final determination within the context of § 1675(d)(3). *See Globe*, 31 CIT at __, 530 F. Supp. 2d at 1348.

§ 1675(d)(3), noting that revocation is effective "on or after the date determined by [Commerce]"). For Commerce, the setting of the revocation date was a final determination under § 1516a, and thus reviewable only under § 1581(c).

In support of its position, defendant notes that plaintiff had an opportunity to participate in Commerce's determination of the effective revocation date. Defendant claims that,

> [w]hen Commerce initiates a sunset review, Parties should raise any issue they consider relevant in a response to the initiation. 19 U.S.C. § 1675(d)(3). To ensure that Commerce has the opportunity to address issues relevant to interested parties, they must raise these arguments in their responses [to the notices of initiation]: the response may be the only opportunity that they have to comment.

Def.'s Mot. 9 (citing regulations regarding filing of responses) (footnote omitted); *see also* Def.-Int.'s Mot. 6. At the outset of a sunset proceeding, defendant contends, it is unclear whether the order will be revoked, but the process for sunset review determinations requires that "an interested party must address every issue it considers relevant — including the effective date of revocation — in its response to initiation." Def.'s Mot. 9.[11] According to defendant, Parkdale was required "to raise any issue

---

[11] Responses to the notice of initiation must include specific information and arguments relating to the likelihood of continuance of dumping. 19 C.F.R. § 351.218(d)(3). Parties may also submit "any other relevant information or argument that the party would like the Secretary to consider." 19 C.F.R. § 351.218(d)(3)(iv)(B).

with respect to the effective date of a revocation . . . in a response to" the initiation of the sunset review in order to bring its challenge to Commerce's § 1516a final determination in this Court. Def.'s Mot. 10. Thus, the movants insist, because plaintiff failed to pursue the remedy available pursuant to 28 U.S.C. § 1581(c), it cannot now bring its complaint under § 1581(i). Def.'s Mot. 10; Def.-Int.'s Mot. 4.

The court finds that Commerce's Revocation Notice was a final determination pursuant to § 1516a reviewable under § 1581(c). As a result, plaintiff cannot seek jurisdiction pursuant to § 1581(i). *See American Air Parcel Forwarding v. United States,* 718 F. 2d 1546, 1549 (1983) ("It is judicially apparent that where a litigant has access to this court under traditional means, such as 28 U.S.C. § 1581(a), it must avail itself of this avenue of approach complying with all the relevant prerequisites thereto. It cannot circumvent the prerequisites of 1581(a) by invoking jurisdiction under 1581(i). . . .") (quoting *United States v. Uniroyal, Inc.*, 687 F. 2d 467, 471 (C.C.P.A. 1982)). Specifically, the court finds plaintiff's reliance on the reasoning of *Canadian Wheat Board I*, 31 CIT at __, 491 F. Supp. 2d at 1234, misplaced. This is because the *Canadian Wheat Board I* decision centered on actions taken by Commerce following an initial investigation (whose statutory scheme has no provision relating to revocation or the setting of a date of revocation),

rather than a determination made in the context of a sunset review (whose statutory scheme specifically provides for Commerce to determine a date of revocation).

In *Canadian Wheat Board I*, the ITC issued a negative material injury determination for imports of Canadian hard red spring wheat following a NAFTA panel remand of the ITC's original, affirmative injury determination. Thereafter, Commerce published a *Timken* notice[12] and a notice of revocation of the antidumping and countervailing duty orders. *Canadian Wheat Board I*, 31 CIT at __, 491 F. Supp. 2d at 1238.

The notice of revocation specified that Commerce would instruct Customs and Border Protection to liquidate, without unfair trade duties, only those imports that entered the United States after the effective date of the *Timken* notice. *Id*. at __, 491 F. Supp. 2d at 1238-39. As a result, entries made prior to the effective date of the *Timken* notice would be liquidated with the unfair trade duties set forth in the antidumping and countervailing duty orders, even though the foundation of the orders had been removed. The plaintiff in that case sought

---

[12]     Title 19 U.S.C. § 1516a(c)(1) requires that Commerce publish notice of a Court decision "not in harmony" with an original agency determination. The same rule applies with a NAFTA panel decision. *See* 19 U.S.C. § 1516a(g)(5)(B). Subsection 1516a(c) was the subject of *Timken Co. v. United States*, 893 F. 2d 337, 340 (Fed. Cir. 1990), and notices issued pursuant to that subsection have come to be known as *Timken* notices. *See Canadian Wheat Board I*, 31 CIT at __, 491 F. Supp. 2d at 1238 n.4.

judicial review of Commerce's legal conclusion, found in the notice of revocation, that the *Timken* notice would only apply prospectively.  Plaintiff also sought a preliminary injunction to prevent liquidation of the entries, pursuant to 28 U.S.C. § 1581(i).  *Canadian Wheat Board I*, 31 CIT at __, 491 F. Supp. 2d at 1236-37.

In granting the preliminary injunction, the *Canadian Wheat Board I* Court held that Commerce's conclusion, that liquidation without duties would be prospective only, was reached for the first time in the notice of revocation and thus was not a reviewable final determination under 19 U.S.C. § 1516a(a)(2)(B)(i).  The Court reached this conclusion because the determination, that liquidation of unliquidated unfair trade duties would be prospective only, was made outside the context of the administrative proceedings and resulted in the ITC's final negative injury determination.  Thus, the Court held, the notice of revocation was not reviewable under 28 U.S.C. § 1581(c).  *Id*. at __, 491 F. Supp. 2d at 1241-42.

> The court finds that the Notice of Revocation implemented the ITC's final determination that domestic wheat producers were not injured or threatened with injury by imports of Canadian [hard red spring] wheat.  Thus, although containing a legal conclusion with respect to the prospective application of the revocation, the Notice of Revocation cannot be categorized as a final affirmative determination subject to judicial review under 19 U.S.C. § 1516a(a)(B)(i) and 28 U.S.C. § 1581(c).

*Id.* at \_\_, 491 F. Supp. 2d at 1243. Consequently, because jurisdiction under 28 U.S.C. § 1581(c) was not available to the plaintiff to challenge the notice of revocation, the *Canadian Wheat Board I* Court found that jurisdiction under 28 U.S.C. § 1581(i) was available to hear the plaintiff's challenge to Commerce's administration and enforcement of the ITC's negative injury determination.  *Id.* at \_\_, 491 F. Supp. 2d at 1243.

The primary difference between *Canadian Wheat Board I* and the present case is the statutory scheme under which the respective dates of revocation were reached.  In *Canadian Wheat Board I*, the notice of revocation was issued by Commerce as the result of actions wholly outside of the statutes governing investigations.  *See* 19 U.S.C. §§ 1671, 1673.  Importantly, the statutory provisions for antidumping duty and countervailing duty investigations (as distinct from those for reviews) do not contain provisions for revocation of unfair trade orders, let alone a statutory directive to determine the date of the revocation.  *See* 19 U.S.C. §§ 1671, 1673.

In contrast, Parkdale is challenging the proper effective date of the revocation of an order following a sunset review — a review process whose purpose is to gauge whether an antidumping duty order should be revoked, and whose statutory provisions explicitly provide for a determination of the effective date of revocation.  That is, in a sunset review, should Commerce find

that an order should be revoked, it is statutorily directed to determine the effective date of the revocation under § 1675(d)(3). Judicial review is then available under 19 U.S.C. § 1516a(a)(2)(B)(iii). *See* 19 U.S.C. § 1675(d)(3)(providing that a "determination under this section to revoke an order . . . shall apply with respect to unliquidated entries of the subject merchandise which are entered, or withdrawn from warehouse, for consumption on or after *the date determined by [Commerce]*." (emphasis added)); 19 U.S.C. § 1516a(a)(2)(B)(iii) (providing for review of "a final determination . . . by the administering authority or the Commission under section 1675 of this title").

As to plaintiff's claim that it has not been afforded an opportunity for judicial review of the revocation date, the case of *Corus Staal BV v. United States*, 31 CIT __, 493 F. Supp. 2d 1276 (2007) ("*Corus*"), is instructive. In *Corus*, the plaintiff sought to invoke this Court's jurisdiction under § 1581(i) in order to challenge the antidumping duty rate to be applied to its entries. The plaintiff brought its case after the Department had rescinded an administrative review based on the withdrawal of the requests for review. *Corus*, 31 CIT at __, 493 F. Supp. 2d at 1284-1286. In *Corus*, the plaintiff had failed to file its own request for an administrative review. The *Corus* Court held that had the plaintiff requested and participated in a review it could have appealed Commerce's calculation of the antidumping duty rate

under § 1581(c).  *Id*. at __, 493 F. Supp. 2d at 1285.  Because

plaintiff could have utilized § 1581(c), the Court held,

plaintiff could not seek the Court's review pursuant to

§ 1581(i).

Such is the case here.  Parkdale was on notice of the

initiation of the sunset review.  It had the opportunity to

present any and all issues regarding revocation, including the

statutorily mandated determination of the revocation's effective

date.  Parkdale chose not to be a participant.  Several parties

submitted substantive responses to Commerce in the second sunset

review.  Parkdale simply did not take the opportunity it had to

address this issue.

Finally, Commerce's determination of the effective date of

revocation under § 1675(d) is a discretionary, not a ministerial,

act.  *See* 19 U.S.C. § 1675(d)(3) (revocation effective "on or

after the date determined by" Commerce); *Okaya (USA), Inc. v.

United States*, 27 CIT 1509, 1511, Slip Op. 03-130 (Oct. 3, 2003)

("the effective date of revocation [under section 1675(d)(3)] is

within Commerce's discretion") (not reported in the Federal

Supplement).  That Commerce has reduced its methodology to a

regulation in no way lessens the discretion granted by Congress.

"Interpretation of the regulation must comport with the

antidumping goal of the applicable statutes. . . . A narrow

interpretation of the regulation and the resulting limitation

upon Commerce's discretion is not consistent with this goal." *Ad Hoc Committee of AZ-NM-TX-FL Producers of Gray Portland Cement v. United States*, 16 CIT 1008, 1013, 808 F. Supp. 841, 846 (1992) ("[U]pholding Cemex's narrow construction of the regulation would take away Commerce's ability to adapt to the factual peculiarities of each case in calculating dumping margins.").

Because review of the effective date of the revocation of the Order was available under § 1581(c), plaintiff cannot now bring its action under § 1581(i) unless the remedy is manifestly inadequate, a claim that plaintiff does not make. *See Miller & Co.*, 824 F. 2d at 963. Parkdale's challenge to the Revocation Notice is accordingly untimely, as it was not brought within sixty days of the publication of the final determination. *See* 19 U.S.C. § 1516a(a)(2)(B)(iii); 19 U.S.C. § 1516a(a)(5)(A).

II. Plaintiff Failed to Give Notice of Its Intent to Seek Judicial Review

In addition to plaintiff's failure to file a timely appeal, dismissal is required because plaintiff failed to follow the statutory guidelines for seeking judicial review. That is, where a NAFTA country is part of the proceedings, a party seeking this Court's review of a final determination made pursuant to 19 U.S.C. § 1675 must provide timely notice of its intent to seek such review to specific government officials and all interested

parties in the case.  19 U.S.C. § 1516a(g)(3)(B);[13] Def.-Int.'s

Mot. 10; Def.'s Mot. 13 (citing *Bhullar v. United States*, 27 CIT

532, 543, 259 F. Supp. 2d 1332, 1341 (2003), *aff'd on other*

*grounds*, 93 Fed. Appx. 218 (Fed. Cir. 2004)).  Parkdale did not

provide such notice, and thus, according to the movants, it

cannot establish jurisdiction for review in this Court.

Plaintiff argues that this "special notice" rule applies

only to a determination described in 19 U.S.C.

§ 1516a(g)(3)(A)(i) or (iv), which in turn only applies to

actions that "otherwise would be reviewable under 19 U.S.C.

§ 1516a(a)."  Pl.'s Resp. Def.'s Mot. 3.  Because plaintiff

claims its action is being brought under the Administrative

Procedure Act, and not under § 1516a, it argues that it is

---

[13]      Such a determination is reviewable only:

if the party seeking to commence review has provided
timely notice of its intent to commence such review to—

> (i) the United States secretary and the
> relevant FTA Secretary;

> (ii) all interested parties who were parties
> to the proceeding in connection with which
> the matter arises; and

> (iii) the administering authority or the
> Commission, as appropriate.

Such notice is timely provided if the notice is
delivered no later than the date that is 20 days after
the date described in subparagraph (A) or (B) of
subsection (a)(5) of this section . . . .

19 U.S.C. § 1516a(g)(3)(B).

"exempt from the NAFTA special rule."  Pl.'s Resp. Def.'s Mot. 3.

Despite plaintiff's contention, the court has found that this action is a final determination under § 1516a, and thus the notice rule pursuant to 19 U.S.C. § 1516a(g)(3)(B) applies.  *See Desert Glory, Ltd. v. United States*, 29 CIT 462, 368 F. Supp. 2d 1334 (2005) (dismissing case for lack of jurisdiction where plaintiff failed to give notice of intent to seek judicial review pursuant to 19 U.S.C. § 1516a(g)(3)(B)).  Plaintiff did not provide notice in accordance with the statute and, consequently, it has failed to abide by the statutory requirements necessary to establish jurisdiction for review of the Revocation Notice in this Court.

## CONCLUSION

For the foregoing reasons, the court finds that it does not have jurisdiction to hear Parkdale's claims under 28 U.S.C. § 1581(i)(4).  Consequently, this case is dismissed.  Judgment will be entered accordingly.

                                     \_\_\_/s/ Richard K. Eaton\_\_\_\_\_
                                        Richard K. Eaton


Dated:    October 20, 2008
          New York, New York